UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Tallahassee_ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

> LEGAL MAIL
> PROVIDED TO WAKULLA CI ANNEX
> SEP 09 2009
> FOR MAILING _D.H._

David Lee Hall,
Inmate # 657077.
(Enter full name of Plaintiff)

VS.

CASE NO: 4:09cv366-RH/WCS
(To be assigned by Clerk)

Jacksonville Sherriff's Office,
J.A. Salas, Officer,
G.L. Mattson, Officer,
C.H. Pearson, Officer,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed 0914 09 USDC Fln 4AM 1125

I. <u>PLAINTIFF:</u>

DAVID LEE HALL

DC#

Wakulla Correctional Institution – Annex

110 Melaleuca Drive

Crawfordville, Florida 32327

II. <u>DEFENDANT(S):</u>

(1) <u>Jacksonville Sheriff's Office</u>

501 East Bay St.

Jacksonville, Florida 32202

(2) <u>J.A. Salas #19209</u>

Sheriff's Officer

Jacksonville Sheriff's Office

501 East Bay St.

Jacksonville, Florida 32202

(3) <u>G.L. Mattson #7815</u>

Sheriff's Officer

Jacksonville Sheriff's Office

501 East Bay St.

Jacksonville, Florida 32202

(4) C.H. Pearson #61013
Sheriff's Officer
Jacksonville Sheriff's Office
501 East Bay St.
Jacksonville, Florida 32202

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )      No( X )

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A      Case #: N/A
3. County and judicial circuit: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )      No( X )

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A      Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

3

7. Facts and claims of case: __N/A__

(Attach additional pages as necessary to list other federal court cases.)

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(**X**)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__     Case #: __N/A__
4. Approximate filing date: __N/A__
5. If not still pending, date of dismissal: __N/A__
6. Reason for dismissal: __N/A__
7. Facts and claims of case: __N/A__

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(**X**)

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__     Case Docket # __N/A__
4. Approximate filing date: __N/A__     Dismissal date: __N/A__
5. Reason for dismissal: __N/A__

## V. STATEMENT OF FACTS

On Monday 9/15/2008, I was asleep on the roof of Quality Foods at 27 E. 7th St., Jacksonville Florida when I woke up after hearing voices approaching. I realized that it was police officers when one of them said "Come out, come out wherever you are crackhead". At first I didn't think they were talking to me as there were four other people sleeping on the same roof, so I continued to lay there and didn't respond to the officers.

I then heard an officer (who I found out to be J.A. Salas) say something in reference to his boots getting messed up. He then stated, "when I catch whoever's up here, I'm gonna whoop his ass". Officer Salas and another officer G.L. Mattson then approached me, Officer Mattson then punched me in the eye (left eye) and as they dragged me off the beam I was laying on, Officer Mattson then hit me with an uppercut as I was falling down.

Once I landed, Officers Salas and C.H. Pearson started kicking me in my ribs, back and neck repeatedly. This continued for several minutes until finally Officer Salas (the officer in charge) stated, "that's enough, alright, alright, he's had enough". After a brief scuffle in which I was attempting to fend off the kicking by the officers, I was then handcuffed. Once I was pulled up to my feet, I was then escorted over to where a ladder had been placed for access to the rooftop.

At the top of the ladder, Officer Salas removed the handcuffs so that I could climb down the ladder. At the bottom of the ladder there was a firefighter holding it in place. As I got off the ladder, I asked if they had a camera so that pictures

could be taken of my injuries that I received.

At that time, an officer placed me back in handcuffs and walked me over to a patrol car. The handcuffs were locked on very tight and I couldn't feel my hands and could barely stand the pain in my wrists. Officer Salas then took my wallet out of my back pocket and removed my I.D.

Officer Salas then asked me my name and I told him "David Lee Hall" to which he replied, "nope, not tonight, tonight you're Willie Hall." I then said, "no I'm not, you've got my I.D. right there in your hand and my name is David Lee Hall." Officer Salas said, "nope, not tonight, you're Willie Hall." I then asked, "why am I Willie Hall?" and he replied, "because Willie Hall is wanted in Orlando for robbery." In spite of the fact that Officer Salas had my I.D. clearly stating that I was in fact David Lee Hall, he continued to object and adamantly state that I was Willie Hall.

When I complained that the handcuffs were too tight and that I was in pain, Officer Salas stated that if I didn't confess then the handcuffs would remain tight. I replied to Officer Salas that I've got nothing else to say and I invoked my right to be silent. The handcuffs were never loosened. While still at the scene, Officer Salas asked a firefighter for a towel and proceeded to wipe the blood off of my face very harshly.

At the scene, Officer Salas addressed a black officer sitting in a patrol car and said, "this guy had a little accident, he slipped and fell." I then replied, "man, ya'll whooped my ass up there." Officer Salas then placed me in the back of the patrol car and we left the scene.

On the way to being transported to the Duval County Jail, Officer Salas also stated to me, "you're lucky that I have a badge and gun or I would have beat your black ass some more." He also stated, "if I had my taser, I would'e tasered your ass to death."

Shortly after that, Officer Salas pulled into a Shell gas station where there were other officers waiting. At that time, I told Officer Salas that I was going to notify the NAACP and he replied, "you're just like Rodney King except that you don't have a video camera." Also while waiting at the Shell, another black officer approached the patrol car, looked at me and walked away shaking his head. About five minutes later, we left the Shell gas station and headed for the jail.

The entire trip to the jail was very painful for me and Officer Salas did nothing to help me or offer any aid.

Upon arrival at the jail, I was seen by a nurse who tended to my injuries. At that time she informed Officer Salas that I needed to be taken to the hospital. At that time Officer Salas and a jail officer escorted me back out to a patrol car. Prior to being placed into the patrol car, I informed Officer Salas that I felt like I was going to pass out. I felt like I was slipping in and out of consciousness. Officer Salas then opened both doors of the patrol car and I was placed roughly in the back of the patrol car.

After being placed in the back seat, my head was not all the way in the vehicle and Officer Salas proceeded to slam the back door on my head repeatedly. This was all captured on the jails surveillance camera system. An unknown jail officer then transported me to Shann's Hospital in Jacksonville Florida. At the hospital, the jail officer continued the unnecessary abuse by grabbing me by the collar of my shirt choking me. When I asked him why he was choking me, he then grabbed me by the shackles on my ankles and dragged me out of the patrol car. He then proceeded to drag me into the hospital and down a hallway on the floor. At this time the jail officer asked several hospital security officers for assistance and one of the security officers said, "no" and said "his men weren't getting involved". At that time, a nurse then stopped him and told him that he wasn't going to be dragging me. She then called for a couple of orderlies who then placed me onto a stretcher. Again, as with at the jail, all of this was caught on the hospital camera system.

At the hospital, I was examined and treated by a doctor. The doctor informed me that because of the injuries that I suffered as well as the surgery needed from being beaten, I will never be able to see out of my left eye again. This is due solely to seriously excessive force used by officers J.A. Salas, G.L. Mattson and C.H. Pearson. I remained in the hospital for 3 days and was then transported back to the Duval County Jail.

Also while at the hospital, two officers from the Jacksonville Sheriff's Office Internal Affairs came in to speak with me about what happened. There was also an evidence technician present who took approximately 16 pictures of my injuries. After I returned to the county jail, both Internal Affairs officers spoke with me again about what happened. At this time, both officers repeatedly attempted to get me to change my story which I did not do. Before they left, I signed a medical release so that they had access to my medical records.

VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

_____
_____
_____
_____
_____
_____
_____
_____
_____

VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Declaratory judgment finding that Defendants violated Plaintiff's constitutional rights and therefore liable for such damages.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

9/4/2009

(Date)                                                                  (Signature of Plaintiff)

IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the ___4___ day of ___9___, 20_09_.

(Signature of Plaintiff)

Revised 03/07

7