**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID LEE HALL,
D.O.C. INMATE # 057077,**

    **Plaintiff,**

vs.                                          Case No. 4:09cv366-RH/WCS

**JACKSONVILLE SHERIFF'S OFFICE,
J. A. SALAS, G. L. MATTSON,
and C. H. PEARSON,**

    **Defendants.**

                                  /

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff was granted leave to proceed *in forma pauperis,* and permitted to proceed without payment of the previously assessed initial partial filing fee. Doc. 12. Plaintiff's complaint was reviewed and he was directed to submit an amended complaint which complies with Fed. R. Civ. P. 10(b). *Id.* Additionally, because Plaintiff's return address indicates he is in prison, Plaintiff was directed to explain whether he was charged with a crime that may be intermingled with his allegations concerning the use of unnecessary force. *Id.* Plaintiff has not provided that explanation, but he has filed two amended complaints, both filed on the same day. Docs. 13, 14.

Plaintiff submitted a hand-written amended complaint, doc. 13, with several service copies, and an identical amended complaint that is type-written, doc. 14, with numerous service copies. All of the Defendants in the case are officers with the Jacksonville Sheriff's Department and all alleged events occurred there. Jacksonville, Florida is located in the Middle District of Florida, as are each of the Defendants. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I respectfully **RECOMMEND** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2010.

   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**